UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNNIE L. RODGERS,

                              Plaintiff,

v.                                                   5:04-CV-1485
                                                 (NAM/GHL)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

OLINSKY & DIMARTINO, LLP                JAYA A. SHURTLIFF, ESQ.
Counsel for Plaintiff
P.O. Box 2068
186 West First Street
Oswego, New York 13126

HON. GLENN T. SUDDABY                 WILLIAM H. PEASE, ESQ.
United States Attorney for the             Assistant United States Attorney
   Northern District of New York
Counsel for Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

### REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral

argument was not heard.  Because I find that the Administrative Law Judge ("ALJ") did not comply with Social Security Ruling 00-4p, I recommend that this matter be remanded for further proceedings.

I.  BACKGROUND

    A.  Procedural History

Plaintiff applied for Supplemental Security Income ("SSI") on July 21, 2003. (Administrative Transcript ("T") at 81-83.)  The application was denied on October 7, 2003. (T. at 37-40.)  Plaintiff requested a hearing before an ALJ.  (T. at 41.)  The hearing was held on May 4, 2004. (T. at 291-326.)  On August 14, 2004, the ALJ issued a decision finding that Plaintiff was not disabled.  (T. at 24-34.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 15, 2004. (T. at 3-5.)  Plaintiff commenced this action on December 23, 2004.  (Dkt. No. 1.)

    B.  The Contentions

Plaintiff makes the following claims:

(1) The ALJ did not comply with Social Security Ruling 00-4p.  (Dkt. No. 7 at 10-13.)

(2) The ALJ erred by failing to order a consultative intelligence evaluation.  (Dkt. No. 7 at 13-14.)

(3) The ALJ erred by failing to find Plaintiff disabled using Medical-Vocational Rule 201.00(h)(3) as a framework for decision making.  (Dkt. No. 7 at 14-15.)

(4) The ALJ erred by finding that Plaintiff was not credible.  (Dkt. No. 7 at 15-17.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus

should be affirmed. (Dkt. No. 8.)

The undersigned will address only Plaintiff's first contention, as it is dispositive.

## II.   APPLICABLE LAW

### A.   Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920 (2007). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he

> has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

    B.    **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing

court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### III.    THE PLAINTIFF

Plaintiff is currently 45 years old. (T. at 81, 295.) He completed the ninth grade. (T. at

298.) Plaintiff has worked as an apple picker, a finisher, a laborer, a chemical mixer, and a lumber stocker. (T. at 88.) Plaintiff alleges disability due to numbness in his right leg from the knee to the hip, numbness in his right arm and fingers, and a back disorder. (T. at 87.)

## IV. THE ALJ'S DECISION

The ALJ found that (1) Plaintiff has not engaged in substantial gainful activity since the protective filing date of his application for SSI benefits; (2) Plaintiff's back disorder is severe; (3) Plaintiff's impairments do not meet or equal a Listed impairment; (4) Plaintiff has the residual functional capacity ("RFC") to "occasionally lift and carry objects weighing 10 pounds and 5 pounds frequently. He could sit for one hour at a time, stand for 30 minutes at a time, and walk for 15 minutes at a time; but he is unable to climb, balance, bend, stoop, knee(l), crouch, squat, crawl and reach overhead"; (5) Plaintiff is not able to perform his past relevant work; (6) Plaintiff is able "to perform 65-70% of sedentary, unskilled jobs, according to the credible testimony of the impartial vocational expert ("VE"), an example of which is packer (412 unskilled, sedentary jobs of this type exist in the Syracuse region, and 100,000 jobs exist in the national economy)"; and (7) Plaintiff is "not disabled, using the framework of Vocational Rule 201.24 of the Medical-Vocational Guidelines for decision making". (T. at 32-33.)

## V. DISCUSSION

Plaintiff argues that the ALJ's determination at step five of the sequential evaluation is not based on substantial evidence because the ALJ did not comply with Social Security Ruling 00-4p. (Dkt. No. 7 at 10-13.) Plaintiff is correct.

Social Security Ruling 00-4p states that "(w)hen a VE ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about

any possible conflict between that VE ... evidence and information provided in the" Dictionary of Occupational Titles ("DOT"). S.S.R. 00-4p, 2000 WL 1898704, at *4, *Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions* (S.S.A. 2000). If there is a conflict between the evidence provided by the VE and information in the DOT, the ALJ is required to "explain in the determination or decision how any conflict that has been identified was resolved." S.S.R. 00-4p, 2000 WL 1898704, at *1.

Here, the VE testified that a person of Plaintiff's age, education, and work experience who cannot climb, stoop, balance, kneel, crouch, crawl, or do overhead lifting would be capable of performing sedentary work. (T. at 322.) The VE and the ALJ then had the following exchange:

> Q: What percentage of the 200 sedentary unskilled jobs that are recognized under the regulations could a person with those limitations perform?
>
> A: Simply with those involved I would say 90 to 95 percent.
>
> Q: Well, if there were the further limitation that ... such a person would be unable to sit in one position for more than an hour or stand for more than 30 minutes, unable to walk for more than 15 minutes with rest, and needed a cane for ambulation, would that have any effect on the percentage of sedentary jobs available?
>
> A: I believe it would drop the percentage by 25 to 30 percent.
>
> Q: So, there might be 65–
>
> A: To 70.

Q: —to 70 percent remaining?

A: Yeah.

Q: Would you give me one example of a sedentary unskilled job that could be performed by someone who had those limitations?

A: Yeah. Somebody with that limitation, I would look at unskilled packing work, those done at a sedentary exertion level. Hand packers work from anywhere from sedentary up to medium. That would be unskilled. Those working at a sedentary exertion level, that would be, in the U.S. 100,000 and in the Syracuse area 412.

(T. at 322-323.)

The ALJ did not, at any point, ask about any possible conflict between the VE's testimony and information provided in the DOT.

None of the jobs listed in the DOT with "packer" in the title are sedentary jobs[1]. Thus, there was a conflict between the evidence provided by the VE and information in the DOT. Plaintiff raised this issue in a post-hearing brief directed to the ALJ:

---

[1] The unskilled packer jobs listed in the DOT and their required exertional levels are: Fish-Egg Packer, DOT 529.687-086 (medium); Bleach Packer, DOT 558.687-010 (medium); Insulation Packer, DOT 579.685-038 (medium); Mat Packer, DOT 579.686-014 (medium); Packer-Fuser, DOT 737.687-094 (light); Inspector-Packer, DOT 784.687-042 (light); BB Shot Packer, DOT 920.685-018 (light); Bottle Packer, DOT 920.685-026 (light); Cotton-Roll Packer, DOT 920.685-054 (light); Automatic Packer Operator, DOT 920.685-082 (light); Poly-Packer and Heat-Sealer, DOT 920.686-038 (light); Bandoleer Packer, DOT 920.687-034 (light); Carrier Packer, DOT 920.687-066 (medium); Dental Floss Packer, DOT 920.687-082 (light); Fish Packer, DOT 920.687-086 (heavy); Packer, DOT 920.687-130 (medium); Agricultural Produce Packer, DOT 920.687-134 (medium); Shingle Packer, DOT 920.687-158 (heavy); Shoe Packer, DOT 920.687-166 (light); Worm Packer, DOT 920.687-202 (light); Binder-and-Wrapper Packer, DOT 922.687-014 (medium); and Timber Packer, DOT 922.687-094 (heavy).

> The (VE) testified that a hypothetical individual who could lift/carry 5-10 pounds, sit for one hour at a time or stand for 30 minutes at one time, and who could walk for 15 minutes at one time, would be able to perform work as a "hand packer." A search of the (DOT) reveals no such occupation. However, a "Hand Packager" (DOT #920.587-018) is medium level work, of which (Plaintiff) would be incapable due to his restriction to less than a full range of sedentary work. If the DOT title for this job is Carrier Packer (DOT #902.687-010), this job requires clerical skills. Plaintiff does not possess clerical skills.

(T. at 66.)

The ALJ acknowledged Plaintiff's objection in his decision but did not "explain in the ... decision how any conflict that has been identified was resolved." S.S.R. 00-4p, 2000 WL 1898704, at *1. Rather, the ALJ "reject(ed) this argument. In this respect, (the VE's) testimony was to the effect that an individual with these limitations could perform work as a packer. He did mention hand packer, but (the VE) said that this job ranges from sedentary to medium in exertion, and is unskilled in nature." (T. at 32.) The ALJ found that Plaintiff has the RFC "to perform 65-70% of sedentary, unskilled jobs, according to the credible testimony of the impartial vocational expert, an example of which is packer." (T. at 33.)

The ALJ failed to follow Social Security Rule 00-4p in two ways. First, the ALJ did not fulfill his "affirmative responsibility" to ask the VE whether his testimony conflicted with information in the DOT. Second, despite receiving a post-hearing objection from Plaintiff, the ALJ's decision did not explain why he credited the VE's characterization of packing work as sedentary over the DOT's characterization of it as light to heavy. Accordingly, remand is appropriate.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to

sentence four of 42 U.S.C. § 405(g),[2] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).


Dated: December 28, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[2] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).